The defendants met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiffs right knee did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), including evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180 day category of Insurance Law § 5102 (d) (see Bamundo v Fiero, 88 AD3d 831 [2011]).
In opposition, the plaintiff failed to raise a triable issue of fact (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951 [2012]; McLoud v Reyes, 82 AD3d 848, 849 [2011]). Accordingly, the Supreme Court properly granted the defendants’ separate motions for summary judgment. Angiolillo, J.E, Balkin, Austin and Miller, JJ, concur.